IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLARK BARTHOLOMEW, TANYA ) <br> BARTHOLOMEW, and A.B., a ) <br> Minor, by and through his next friend ) <br> CLARK BARTHOLOMEW, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BURGER KING CORPORATION,; ) <br> CTI FOODS HOLDING CO., LLC; ) <br> UNITED STATES OF AMERICA ) <br> AND ARMY AND AIR FORCE ) <br> EXCHANGE SERVICE; ET AL., ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL NO. 11-00613 JMS-RLP <br><br> ORDER DENYING DEFENDANT/ <br> THIRD-PARTY CROSS CLAIM <br> DEFENDANT CTI FOODS HOLDING <br> CO., LLC'S MOTION FOR <br> SUMMARY JUDGMENT |

### ORDER DENYING DENYING DEFENDANT/THIRD-PARTY CROSS CLAIM DEFENDANT CTI FOODS HOLDING CO., LLC'S MOTION FOR SUMMARY JUDGMENT

Defendant/Third-Party Cross Claim Defendant CTI Foods Holding Co., LLC ("CTI") moves for summary judgment, contending that Plaintiffs[1] have no evidence that the needle-like foreign objects that Plaintiff Clark Bartholomew ("Clark") allegedly ate were in a CTI-manufactured hamburger patty, and that CTI is therefore entitled to judgment as a matter of law.  Because, however, there are

---

[1] There are three Plaintiffs -- Clark Bartholomew, his wife Tanya Bartholomew, and his minor son A.B.


genuine issues of material fact, the Motion is DENIED.

The court views the evidence in the light most favorable to Plaintiffs, as is required in this context under Federal Rule of Civil Procedure 56. *See, e.g.*, *Sullivan v. Oracle Corp.*, 662 F.3d 1265, 1270 (9th Cir. 2011). So construed, Clark was eating a Burger King "Triple-Stacker" hamburger when he bit into a needle-like foreign object that pierced his tongue. Doc. No. 181-2, Def.'s Ex. 2, Clark Bartholomew Dep. at 94-95. Another similar foreign object was found in his small intestines. *Id.* at 99. Although Clark testified that he cannot identify which particular component of the hamburger (e.g., the buns, bacon, sauce, cheese, or beef patties) contained the foreign objects, he also testified that they were in the hamburger "as a whole" and that he had "all component parts" in his mouth when he found a needle-like foreign object. *Id.* at 114, 132. That is, for example, he was not eating only a bun. *Id.* at 131-32.

CTI acknowledges that it manufactured the beef patties that were used by the Burger King restaurant where Clark purchased the hamburger on the day of the incident. Doc. No. 181-4, Def.'s Ex. 4, Dunning Decl. ¶ 4. But CTI argues that Plaintiffs have no evidence that its beef patties actually contained one of the foreign objects. Without proof that CTI's beef patties were "defective" (as opposed to any of the other components, or some independent negligence by

Burger King), CTI argues that Plaintiffs cannot prevail on their strict products liability or breach of warranty claims, and cannot prove a "breach" and/or "causation" under any of their negligence theories against CTI.  *See, e.g.*, *Dolan v. Hilo Med. Ctr.*, 127 Haw. 325, 339, 278 P.3d 382, 396 (Haw. App. 2012) ("The plaintiff may recover [under a strict products liability claim] only if the product was in a defective condition when it left the hands of the seller or manufacturer.) (citations omitted); *Larsen v. Pacesetter Sys., Inc.*, 74 Haw. 1, 22, 837 P.2d 1273, 1284-85 (Haw. 1992) ("[T]o bring an action in implied warranty for personal injury a plaintiff is required to show product unmerchantability sufficient to avoid summary judgment on the issue of defectiveness in a tort strict products liability suit."); *Haake v. Safeway*, 819 F. Supp. 2d 1132, 1136 (D. Haw. 2011) (setting forth the elements of negligence under Hawaii law).

        But there is evidence from which a jury could reasonably find that the foreign objects were in a CTI-manufactured beef patty.  Clark testified that both objects had "burn" marks on them, leading to an inference that they had been grilled.  *See* Doc. No. 181-2, Def.'s Ex. 2, Clark Bartholomew Dep. at 115 ("[the foreign object] was obviously burnt . . . [S]omehow it got burnt, it got cooked. . . . So somewhere along the Triple Stacker's lifeline, that foreign object got cooked inside of it.") & at 124 ("[T]hey were both burnt.").  If true, a jury could easily

determine that the foreign objects were grilled, logically as part of the fire-grilling of beef patties for which Burger King is known. Although Clark testified that he cannot say definitively how the burns got there, *id.* at 164, such evidence is nevertheless sufficient to create an obvious genuine issue of material fact that the foreign objects were in the beef patties -- and if so, a jury could easily conclude that the patties were "defective." It likewise could conclude that CTI breached a duty owed to consumers of its beef patties, and that its negligence was a "substantial factor" in causing damages. *See Haake*, 819 F. Supp. 2d at 1136. Even if there is an inference that Burger King might also have some or all responsibility for assembling the hamburger, at this summary judgment stage, it is sufficient that the patties could have been defective to deny the Motion as to CTI.

///

///

///

///

///

///

///

///

Accordingly, given genuine issues of material fact, Defendant CTI's Motion for Summary Judgment, Doc. No. 180, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bartholomew, et al. v. Burger King Corp., et al.*, Civ. No. 11-00613 JMS-RLP, Order Denying Defendant/Third-party Cross Claim Defendant CTI Foods Holding Co., LLC's Motion for Summary Judgment