IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLARK BARTHOLOMEW, TANYA BARTHOLOMEW, and A.B., a minor, by his next friend CLARK BARTHOLOMEW, | ) CIVIL NO. 11-00613 JMS-RLP<br>)<br>) AMENDED FINDINGS AND<br>) RECOMMENDATION TO GRANT DEFENDANT<br>) BURGER KING CORPORATION AND CTI |
| Plaintiffs, | ) FOODS HOLDING LLC'S JOINT MOTION<br>) FOR SANCTIONS FOR PLAINTIFFS' |
| vs. | ) FAILURE TO COMPLY WITH THE<br>) COURT'S JULY 3, 2014 AND JULY 15, |
| BURGER KING CORPORATION; CTI FOODS HOLDING CO., LLC; AND DOES 1-150. | ) 2014 ORDERS REQUIRING IN-PERSON<br>) ATTENDANCE AT THE SEPTEMBER 10,<br>) 2014 SETTLEMENT CONFERENCE AND<br>) DEFENDANT UNITED STATES OF |
| Defendants. | ) AMERICA AND AIR FORCE EXCHANGE<br>) SERVICE'S JOINDER |
| | ) |

AMENDED[1] FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT BURGER
KING CORPORATION AND CTI FOODS HOLDING LLC'S JOINT MOTION FOR
SANCTIONS FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S JULY
3, 2014 AND JULY 15, 2014 ORDERS REQUIRING IN-PERSON ATTENDANCE
AT THE SEPTEMBER 10, 2014 SETTLEMENT CONFERENCE AND DEFENDANT
UNITED STATES OF AMERICA AND AIR FORCE EXCHANGE SERVICE'S JOINDER[2]

          Before the Court are Defendant Burger King Corporation

and CTI Foods Holding LLC's Joint Motion for Sanctions for

Plaintiffs' Failure to Comply with the Court's July 3, 2014 and

---

          [1] This Findings and Recommendation is amended to include
the Court's recommendation regarding the amount of compensatory
sanctions.

          [2] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

July 15, 2014 Orders Requiring In-Person Attendance at the September 10, 2014 Settlement Conference, filed September 15, 2014, ("Motion for Sanctions") and Defendant United States of America and Air Force Exchange Service's Joinder in the Motion for Sanctions, filed September 23, 2014 ("Joinder"). ECF Nos. 237, 240. Plaintiffs filed their Opposition to the Motion for Sanctions on September 29, 2014. ECF No. 243. Defendants filed their Replies on October 3, 2014, and October 6, 2014. ECF Nos. 244, 245. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 238. After carefully reviewing the parties' submissions and the relevant legal authority, the Court FINDS AND RECOMMENDS that the district court GRANT Defendants' Motion for Sanctions and Joinder.

<u>BACKGROUND</u>

On July 3, 2014, United States District Judge J. Michael Seabright ordered that the parties schedule a further settlement conference "with at least one person with authority to settle from each party." ECF No. 231. On July 15, 2014, this Court issued an Order Setting Settlement Conference directing that "all parties and their lead counsel are hereby ORDERED TO APPEAR" for a further settlement conference on September 10, 2014 ("Settlement Conference"). ECF No. 233 at 1. The Order Setting

Settlement Conference expressly states that "[e]ach party or a designated representative with final settlement authority, other than an attorney of record, must personally attend the settlement conference." Id. The Order Setting Settlement Conference explains that the order for the parties' personal appearance is intended to increase the efficiency and effectiveness of the Settlement Conference by reducing the time for communication of offers and expanding the ability to explore options for settlement. Id. at 3.

Plaintiffs did not personally appear at the Settlement Conference. See ECF No. 236. Only Plaintiffs' counsel appeared for the Settlement Conference. Id. A representative from each of the Defendants appeared at the Settlement Conference along with their counsel. Id. The case did not settle at the Settlement Conference. Id.

In their Motion for Sanctions and Joinder, Defendants ask the Court to sanction Plaintiffs for their failure to comply with the court's orders by dismissing this action with prejudice, imposing a fine, and awarding Defendants their reasonable attorneys' fees and costs incurred in preparing for and attending the Settlement Conference. ECF No. 237 at 6; ECF No. 240.

DISCUSSION

Civil contempt occurs when a party disobeys a specific and definite court order by failing "to take all reasonable steps

within the party's power to comply." <u>Reno Air Racing Ass'n v.</u>
<u>McCord</u>, 452 F.3d 1126, 1130 (9th Cir. 2006) (quoting <u>In re</u>
<u>Dual-Deck Video Cassette Recorder Antitrust Litig.</u>, 10 F.3d 693,
695 (9th Cir. 1993)). Contempt "'need not be willful,' and there
is no good faith exception to the requirement of obedience to a
court order." <u>In re Dual-Deck</u>, 10 F.3d at 695 (quoting <u>In re</u>
<u>Crystal Palace Gambling Hall, Inc.</u>, 817 F.2d 1361, 1365 (9th Cir.
1987)). The moving party must establish that "(1) that [the
alleged contemnor] violated the court order, (2) beyond
substantial compliance, (3) not based on a good faith and
reasonable interpretation of the order, (4) by clear and
convincing evidence." <u>United States v. Bright</u>, 596 F.3d 683, 694
(9th Cir. 2010) (quoting <u>Labor/Cmty. Strategy Ctr. v. L.A. County</u>
<u>Metro. Trans. Auth.</u>, 564 F.3d 1115, 1123 (9th Cir. 2009)). The
burden then shifts to the alleged contemnor to demonstrate why it
was unable to comply. <u>Affordable Media</u>, 179 F.3d at 1239; <u>Stone</u>
<u>v. City & Cnty. of S.F.</u>, 968 F.2d 850, 856 n.9 (9th Cir. 1992).
The alleged contemnor must "show [that it] took every reasonable
step to comply." <u>Stone</u>, 968 F.2d at 856 n.9 (citation omitted).

Courts have "wide latitude in determining whether there
has been contemptuous defiance of its order." <u>Hook v. Ariz.</u>
<u>Dep't of Corr.</u>, 107 F.3d 1397, 1403 (9th Cir. 1997). Courts also
have discretion to establish appropriate sanctions. <u>United</u>
<u>States v. Bright</u>, 596 F.3d 683, 696 (9th Cir. 2010). Civil

contempt sanctions are imposed "for two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992) (citing United States v. United Mine Workers of Am., 330 U.S. 258, 303-04 (1947)).  A court may award fines as a compensatory sanction, but such "awards are limited to 'actual losses sustained as a result of the contumacy.'" Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986) (citation omitted); see also United Mine Workers, 330 U.S. at 304 (stating that a compensatory fine must "be based upon evidence of complainant's actual loss").

It is undisputed that Plaintiffs disobeyed Judge Seabrights' July 3, 2014 Order and this Court's July 15, 2014 Order Setting Settlement Conference by failing to personally attend the Settlement Conference.  Most of Plaintiffs' Opposition is devoted to arguing that Defendants have failed to make good faith settlement offers prior to the Settlement Conference, which was also required by the Court's Order Setting Settlement Conference.  See ECF No. 243 at 3-7.  Plaintiffs also contend that Local Rule 16.5(a) does not require represented parties to appear at settlement conferences.  Id. at 8-9.  Plaintiffs provide a one-sentence statement regarding their noncompliance, simply that Mr. Bartholomew's "explanation for any noncompliance

is well-taken and sufficient." <u>Id.</u> at 9.  Mr. Bartholomew states that he could not attend the Settlement Conference because he was unable to take time off from his new job, which he started on August 25, 2014.  ECF No. 243-1 ¶¶ 2-3.  Mr. Bartholomew states that he and his wife, also a Plaintiff, were available by telephone.  <u>Id.</u> ¶ 5.

As an initial matter, the Court rejects Plaintiffs' argument that their noncompliance is excused by Defendants' purported noncompliance.  Based on Defendant Burger King Corporation's counsel's declaration stating that settlement offers were made by email, the Court is unpersuaded by Plaintiffs' argument that Defendants failed to make a good faith effort to settle this action.  <u>See</u> ECF No. 245-1 ¶ 6.  Although the Court is sympathetic to Mr. Bartholomew's employment situation, Plaintiffs have failed to establish an inability to comply with the orders or establish any other defense for their disobedience.  Plaintiffs have provided no reason why Mrs. Bartholomew, also a named Plaintiff, could not have attended the Settlement Conference.  Plaintiffs have provided no reason why they failed to inform the Court or opposing counsel prior to the Settlement Conference that Plaintiffs would not be in attendance.  Plaintiffs provide no reason why Plaintiffs' counsel could not have contacted the Court to request that Plaintiffs be excused from attendance as they had done for a prior settlement

conference. Plaintiffs have failed to demonstrate that they took any reasonable steps within their power to comply with the Court's orders requiring their attendance at the Settlement Conference.

The Court finds that dismissing this action is a harsh sanction not yet supported by the record. However, the Court finds that an award of attorneys' fees and costs is appropriate as a compensatory sanction. As a result of Plaintiffs' failure to comply with the court's orders, Defendants unnecessarily incurred attorneys' fees and costs in attending the fruitless Settlement Conference and bringing the present Motion for Sanctions and Joinder. Defendants' counsel filed declarations regarding the attorneys' fees and costs incurred by Defendants related to the September 10, 2014 Settlement Conference and in making the present Motion for Sanctions and Joinder. <u>See</u> ECF Nos. 247, 248, 249. Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, which multiplies "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." 461 U.S. 424, 433 (1983); <u>see</u> <u>also</u> <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar amount may also be adjusted based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70

(9th Cir. 1975), which have not been subsumed in the lodestar

calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

　　　　Defendant Burger King Corporation has incurred

attorney's fees and taxes of $3,560.34 (10 hours x $340.00 per

hour + taxes of $160.34), costs of $228.54, and costs of $770.00

for Defendant Burger King Corporation's corporate

representative's time, for a total of $4,558.88.  See ECF No.

247.  Defendant CTI Foods Holding Co., Ltd. has incurred

attorney's fees of $3,668.00 (13.1 hours x $280.00 per hour).

See ECF No. 249.  Defendants United States of America and Army

and Air Force Exchange Service have incurred attorney's fees of

$1,231.76 (7.9 hours x $155.92 per hour).  See ECF No. 248.

After carefully reviewing the materials provided by Defendants'

counsel, the Court finds that the hours requested and the

requested hourly rates are reasonable.  However, Defendant Burger

King Corporation did not provide sufficient information for the

Court to determine the reasonableness of the costs requested for

"legal research, printing, copying and filing" and did not

support its request for costs related to its corporate

representative.  Accordingly, the Court deducts those costs from

the total requested and finds that the following sanctions

against Plaintiffs are appropriate:  $3,560.34 to Defendant

Burger King Corporation; $3,668.00 to Defendant CTI Foods Holding

Co., Ltd.; and $1,231.76 to Defendants United States of America and Army and Air Force Exchange Service.

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT Defendant Burger King Corporation and CTI Foods Holding LLC's Joint Motion for Sanctions for Plaintiffs' Failure to Comply with the Court's July 3, 2014 and July 15, 2014 Orders Requiring In-Person Attendance at the September 10, 2014 Settlement Conference and Defendant United States of America and Air Force Exchange Service's Joinder in the Motion for Sanctions. The Court FINDS that the following award of attorneys' fees and costs against Plaintiffs is appropriate as a compensatory sanction: $3,560.34 to Defendant Burger King Corporation; $3,668.00 to Defendant CTI Foods Holding Co., Ltd.; and $1,231.76 to Defendants United States of America and Army and Air Force Exchange Service.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 27, 2014.

Richard L. Puglisi
United States Magistrate Judge

**BARTHOLOMEW, ET AL. V. BURGER KING CORP., ET AL.; CIVIL NO. 11-00613 JMS-RLP; AMENDED FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT BURGER KING CORPORATION AND CTI FOODS HOLDING LLC'S JOINT MOTION FOR SANCTIONS FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S JULY 3, 2014 AND JULY 15, 2014 ORDERS REQUIRING IN-PERSON ATTENDANCE AT THE SEPTEMBER 10, 2014 SETTLEMENT CONFERENCE AND DEFENDANT UNITED STATES OF AMERICA AND AIR FORCE EXCHANGE SERVICE'S JOINDER**