IN THE  UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLARK BARTHOLOMEW; TANYA BARTHOLOMEW; and A.B., a Minor, By His Next Friend CLARK BARTHOLOMEW;<br><br>        Plaintiffs,<br><br>    vs.<br><br>BURGER KING CORPORATION; CTI FOODS HOLDING CO., LLC.; UNITED STATES ARMY AND AIR FORCE EXCHANGE SERVI76CES; DOES 1-150,<br><br>        Defendants.<br>_____ | CIVIL NO. 11-00613 JMS-BMK<br><br>ORDER (1) OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S OCTOBER 27, 2014 AMENDED FINDINGS AND RECOMMENDATION; AND (2) ADOPTING OCTOBER 27, 2014 AMENDED FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' JOINT MOTION FOR SANCTIONS |

**ORDER (1) OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S OCTOBER 27, 2014 AMENDED FINDINGS AND RECOMMENDATION; AND (2) ADOPTING OCTOBER 27, 2014 AMENDED FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' JOINT MOTION FOR SANCTIONS**

## I.  INTRODUCTION

Before the court are Plaintiffs Clark Bartholomew ("Clark"), his wife

Tanya Bartholomew ("Tanya"), and their minor son A.B.'s (collectively,

"Plaintiffs") Objections to Findings and Recommendations issued by Magistrate

Judge Richard L. Puglisi to grant Defendants' Joint Motion for Sanctions

stemming from Plaintiffs' failure to comply with court orders requiring in-person attendance at a September 10, 2014 settlement conference. Doc. No. 251. An October 16, 2014 Findings and Recommendation ("F&R") recommended a compensatory sanction of an award of attorneys' fees and costs incurred by Defendants Burger King Corporation ("BKC"), CTI Foods Holding Co., Ltd. ("CTI"), and the United States of America and Army and Air Force Exchange Service ("AAFES") (collectively, "Defendants"). Doc. No. 246, F&R at 8. An October 27, 2014 Amended Findings and Recommendation ("Amended F&R") incorporated the F&R, and recommended awards of $3,560.34, $3,668.00, and $1,231.76 to BKC, CTI, and AAFES respectively. Doc. No. 250, Amended F&R at 9. (Because the Amended F&R reiterates the conclusions in the F&R, the court construes Plaintiffs' Objections as directed towards the Amended F&R.)

Plaintiffs argue that the sanctions are punitive and violate the Fifth Amendment to the United States Constitution, contending that (1) Plaintiffs did not disobey the Court's Orders of July 3 and 15, 2014, (2) Plaintiffs took all reasonable steps to comply with the court's orders, and (3) Defendants did not sustain actual losses of attorneys' fees and costs because of Plaintiffs' absence. Based on the following, the court OVERRULES Plaintiffs' Objections, ADOPTS the Amended F&R, and GRANTS Defendants' Joint Motion for Sanctions.

## II. __BACKGROUND__

On one level, this proceeding is simple -- the court ordered at least one Plaintiff (as well as each Defendant) to personally appear at the September 10, 2014 settlement conference. No Plaintiff appeared. No prior notice was given to the court or the Defendants. Plaintiffs thus violated a court order, and the court has authority to sanction them.

Although the settlement conference was held, the dynamics of a settlement conference are much different when the parties themselves attend. The case did not settle, and Defendants sought costs or dismissal as a sanction. Magistrate Judge Puglisi examined the circumstances, and recommended an award of fees and costs, but not dismissal. His decision was correct. The court explains these circumstances in more detail below.

### A.    Factual Background

During a July 3, 2014 status conference, this court directed that "[a] further settlement conference, with at least one person with authority to settle from each party, shall be scheduled by Friday, July 17, 2014." Doc. No. 231. The case, which was filed in 2011, had reached a critical juncture -- it was nearing trial (then-set for August 19, 2014), *see id.*, and prior settlement conferences had not

resolved the case. *See, e.g.*, Doc. No. 223.[1]  On July 15, 2014, Magistrate Judge

Puglisi issued an Order Setting Settlement Conference (the "July 15 Order")

specifically ordering "all parties *and* their lead counsel" to appear on September

10, 2014.  Doc. No. 233, July 15 Order at 1 (emphasis added).  The July 15 Order

further directed that "[e]ach party or a designated representative with final

settlement authority, *other than an attorney of record*, must personally attend the

settlement conference."  *Id.* (emphasis added).  The July 15 Order noted that:

> "Final settlement authority" means that the insurance
> representatives at the settlement conference must be
> authorized to explore settlement options fully and to
> agree at that time to any settlement terms acceptable to
> the parties.  The person should have "unfettered
> discretion and authority" to change the settlement
> position of a party.  The purpose of requiring a person
> with unlimited settlement authority to attend the
> conference contemplates that the person's view of the
> case may be altered during the face-to-face conference.
> A limited or sum certain of authority is not adequate.

---

[1] This fact distinguishes Plaintiffs' reliance on *United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1061 (9th Cir. 2012) (indicating that a court should consider whether a representative may be "effectively available as needed during a settlement conference without physical attendance. . . .  Participation in a settlement conference by telephone or teleconference may be a practical alternative") in arguing that personal appearance was not necessary.  *U.S. District Ct.* specifically contemplated circumstances where a litigant's personal attendance might be important.  *See id.* at 1060 ("That the settlement conference that is the subject of the challenged orders is the first settlement conference to be held by the court in this case is another important factor behind our conclusion [vacating sanctions].  There may be a time in the course of settlement negotiations when a settlement judge may determine that the personal participation of the person able to make a final decision is vital[.]").

*Id.* at 1 n.1.  The July 15 Order reiterated the need for the parties' attendance

explaining that "[t]he order for parties' personal appearance is intended to increase

the efficiency and effectiveness of the settlement conference, by reducing the time

for communication of offers and expanding the ability to explore options for

settlement." *Id.* at 3.

   At the September 10, 2014 settlement conference, two counsel of

record appeared in person for Plaintiffs, and one representative, along with

counsel, for each Defendant.  Doc. No. 236.  But no Plaintiff appeared in person.

*Id.*  Neither Plaintiffs nor their counsel had given any prior notification that they

would not appear.  Nor had they previously sought permission to appear, or to be

available, only by telephone.  According to Clark, he was unable to attend in

person because he recently obtained employment in Virginia, had not accrued

sufficient leave to fly to Hawaii, and needed to be present to answer questions in

connection with his employer's investigation into his background; however, both

he and Tanya were available by telephone.  Doc. No. 243-1, Bartholomew Decl.

¶¶ 1-3, 5.  Despite Plaintiffs' failure to attend in person, a settlement conference

was held, but the case did not settle.  *Id.*

///

///

**B.     Procedural Background**

On September 15, 2014, BKC and CTI filed a Joint Motion for

Sanctions, to which AAFES joined, Doc. No. 240, for "Clark['s] failure to attend

said settlement conference, in violation of this Court's orders."  Doc. No. 237,

Mot. at 3, 5.  Plaintiffs filed their Opposition on September 29, 2014, alleging in

part that BKC violated four pretrial orders requiring the parties to exchange

written settlement offers.  Doc. No. 243, Pls.' Opp'n at 1-4.  Defendants BKC and

CTI filed Replies on October 3 and 6, 2014, Doc. Nos. 244, 245, noting that

Plaintiffs failed to seek relief from the July 15 Order prior to the settlement

conference, and stating specific dates on which written correspondence regarding

settlement negotiations was sent to Plaintiffs via email.  Doc. No. 245-1, Kidani

Decl. ¶ 6.

On October 16, 2014, Magistrate Judge Puglisi issued an F&R to

grant the Joint Motion, finding Plaintiffs in contempt for having violated a court

order, and directing Defendants to "file declarations regarding the attorneys' fees

and costs incurred related to the September 10, 2014 Settlement Conference and in

making the present Motion."  Doc. No. 246, F&R at 8.  On October 27, 2014, the

Amended F&R recommended awarding Defendants' attorneys fees and costs in

the amounts of $3,560.34, $3,668.00, and $1,231.76 to BKC, CTI, and AAFES

respectively as a compensatory sanction.  Doc. No. 250, Amended F&R at 9.

Plaintiffs filed Objections on October 30, 2014.  Doc. No. 251.

AAFES filed a Position Statement on November 6, 2014, Doc. No. 252, and BKC

and CTI filed a Joint Response on November 13, 2014, Doc. No. 253.  On

December 3, 2014, the court requested supplemental briefing from Plaintiffs.  Doc.

No. 257.  Accordingly, on December 17, 2014, Plaintiffs filed a Supplemental

Memorandum in Support of their Objections.  Doc. No. 258.  Pursuant to Local

Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

## III.  <u>STANDARD OF REVIEW</u>

When a party objects to a magistrate judge's findings or

recommendations, the district court must review de novo those portions to which

the objections are made and "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge."  28 U.S.C.

§ 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he

district judge must review the magistrate judge's findings and recommendations

de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the

same as if it had not been heard before, and as if no decision previously had been

7

rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## IV. <u>DISCUSSION</u>

The Amended F&R found Plaintiffs in contempt of a court order, or orders. Applying a de novo review, the court sets forth the legal standard for civil contempt sanctions, addresses Plaintiffs' specific objections, and explains why the standards are met here.[2]

---

[2] The Amended F&R recommends a compensatory sanction of attorneys' fees and costs in accordance with the law of civil contempt. And Plaintiffs' Objections are based on specific provisions or elements of civil contempt case law. But even if Plaintiffs were not in contempt, Plaintiffs' unexcused disobeyance of a court order is also sanctionable under Federal Rule of Civil Procedure 16(f), or under the court's inherent power.

Rule 16(f) authorizes a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a . . . pretrial conference . . . or . . . obey a pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Rule 16(f) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party . . . to pay the reasonable expenses -- including attorney's fees and costs -- incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). *See also Aloe Vera of Am. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders. . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines.") (quoting *F.J. Hanshaw Enters.,*

(continued...)

## A. Legal Standard

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). Although the contempt "need not be willful, [ ] a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *Id.* (quoting *In re Dual-*

---

[2](...continued)
*Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001)).

Ample authority directly on point -- which the court follows here as an alternative -- supports that Rule 16 sanctions may be imposed for a party's failure to comply with pretrial orders regarding settlement conferences. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (affirming Rule 16 sanctions for party's unintentional failure to appear for mediation in violation of pretrial order due to party's "incapacitating headache"); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993) (affirming Rule 16(f) sanctions for failure to comply with settlement conference order requiring presence or availability by telephone of person with settlement authority); *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanctions where counsel inadvertently violated settlement conference order by failing to appear because "the date slipped by him"). Even more specifically, courts may certainly sanction parties for violating a specific court order to appear in person at a settlement conference. *See, e.g.*, *Tahilan v. Friendly Care Home Health Servs.*, 2010 WL 3767155, at *1 (D. Haw. Sept. 20, 2010) (sanctioning Defendant under Rule 16(f) for failure to appear at a settlement conference); *CLM Partners LLC v. Fiesta Palms, LLC*, 2013 WL 6388760, at *2 (D. Nev. Dec. 5, 2013) (imposing Rule 16 sanctions of attorneys' fees and costs incurred because party failed to attend settlement conference in violation of court order); *Painters Joint Comm. v. J.L. Wallco*, 2013 WL 3930485, at *4 (D. Nev. July 26, 2013) (imposing Rule 16 sanctions of attorneys' fees and costs incurred as a result of party's failure to attend settlement conference).

In supplemental briefing, Plaintiffs continue to argue that a Rule 16 order requiring attendance at a settlement conference is meant to apply to pro se parties only -- a position the court rejects for the same reasons as discussed below.

*Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695); *see also Boink Sys., Inc. v. Las Vegas Sands Corp.*, 2011 WL 3419438, at *3 (D. Nev. Aug. 3, 2011) ("A few technical violations do not vitiate substantial compliance if a party has made reasonable efforts to comply." (citations omitted)). Further, substantial compliance with the court order is a defense to civil contempt. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695.

The party claiming civil contempt must demonstrate a violation of the court's order by clear and convincing evidence. *Id.* Accordingly, the moving party must establish that "(1) that [the alleged contemnor] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (quoting *Labor/Cmty. Strategy Ctr. v. L.A. Cnty. Metro. Trans. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009)); *see also F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) ("The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.").

If the moving party meets this initial four-part test, the burden then shifts to the alleged contemnor to demonstrate why it was unable to comply.

*Affordable Media, LLC*, 179 F.3d at 1239; *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). In other words, the accused party must "show [that it] took every reasonable step to comply." *Stone*, 968 F.2d at 856 n.9 (citation omitted). To assess whether an alleged contemnor has taken "every reasonable step" to comply with the terms of a court order, the court can consider a variety of factors, including, for example, whether the contemnor has a history of noncompliance, and whether the contemnor failed to comply despite the pendency of a contempt motion. *See Stone*, 968 F.2d at 857.

"A court has wide latitude in determining whether there has been contemptuous defiance of its order," *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984) (citations omitted); *see also Stone*, 968 F.2d at 856, and "retains discretion to establish appropriate sanctions." *Bright*, 596 F.3d at 696. Sanctions for civil contempt may be imposed to coerce compliance with a court order and/or to compensate the injured party for losses sustained. *Koninklijke Philips Elecs., N.V. v. KXD Tech., Inc.*, 539 F.3d 1039, 1044 (9th Cir. 2008); *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). "Unlike the punitive nature of criminal sanctions, civil sanctions are wholly remedial." *Whittaker Corp.*, 953 F.2d at 517 (citation omitted).

**B.     Application of Contempt Standards**

**1.     *Plaintiffs Violated a Court Order***

The essential facts are not in dispute.  In accordance with the court's directive at the July 3, 2014 status conference, the July 15 Order specifically provides that "[e]ach party or a designated representative with final settlement authority, *other than an attorney of record*, *must personally attend* the [September 10, 2014] settlement conference."  Doc. No. 233, July 15 Order at 1 (emphasis added).  At the September 10, 2014 settlement conference before Magistrate Judge Puglisi, Plaintiffs did not appear in person, nor did they send a representative with final settlement authority other than counsel of record.  Based on these undisputed facts, the court finds that Plaintiffs violated the July 15 Order.[3]

///

///

_____

[3] During the July 3, 2014 status conference (which was called because of a trial date then set for August 19, 2014), the court directed Plaintiffs' counsel to have at least one of his clients appear in person at the to-be-scheduled settlement conference.  *See* Doc. No. 237-1, Kidani Decl. ¶ 6 ("Judge Seabright specifically ordered Plaintiffs' counsel that his client was required to appear in person at the settlement conference."); Doc. No. 237-1, Lezy Decl. ¶ 6 (same).  The court specifically recalls instructing Plaintiffs' counsel to have a client personally appear at the settlement conference, given the posture of the case.  The minutes, however, are less clear.  They state that "[a] further settlement conference, with at least one person with authority to settle from each party, shall be scheduled[.]"  Doc. No. 231.  Plaintiffs assert that they complied with the minute order because they had "at least one person with authority to settle," *i.e.*, counsel. Regardless, the court focuses on the July 15 Order, which specifically and unambiguously requires personal attendance from a party other than an attorney of record.

## 2. *Plaintiffs Failed to Substantially Comply with an Order*

Plaintiffs argue that they substantially complied with court directives or orders through the personal appearance of two counsel on their behalf "with full authority to negotiate and settle the cases," and Plaintiffs' "availability by telephone throughout the entire 3-hour settlement conference." Doc. No. 251, Pls.' Objs. at 5. The court disagrees. The July 15 Order specifically requires Plaintiffs' in-person attendance at the settlement conference. Doc. No. 233, July 15 Order at 1. The July 15 Order emphasizes the importance of this requirement explaining that (1) "[t]he purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face-to-face conference. A limited or sum certain of authority is not adequate[,]" *id.* at 1 n.1, and (2) "[t]he order for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference[.]" *Id.* at 3.

Given the importance of in-person attendance and the emphasis placed on this requirement in the July 15 Order, the court finds (by clear and convincing evidence) that merely being available by telephone and sending counsel of record with authority to settle is not substantial compliance.

### 3. *Plaintiffs' Absence Is Not Based on a Good Faith and Reasonable Interpretation of the July 15 Order*

Plaintiffs argue that neither the court orders nor LR 16.5(b)(2),[4] "the local rule subsection cited and relied on in the [July 15 Order]," required their personal appearance "so long as they were represented by counsel at the conference who had authority to negotiate." Doc. No. 251, Pls.' Opp'n at 12. Plaintiffs engage in a lengthy argument examining the specific language of the minutes from the July 3, 2014 status conference, as well as of LR 16.5(a),[5] and

---

[4] Local Rule 16.5(b)(2) provides, in part:

> Required Attendance At The Settlement Conference. Unless otherwise permitted in advance by the court, lead trial counsel and all parties appearing *pro se* shall appear at the settlement conference with full authority to negotiate and to settle the case on any terms at the conference. Unless otherwise ordered by the court, parties may be present at the settlement conference. If not physically present, a party shall be available by telephone to its counsel during the settlement conference.

[5] Local Rule 16.5(a) provides:

> In each civil action, a mandatory settlement conference shall be scheduled before the assigned magistrate judge or such other judicial officer as the court may direct. Such conference may be held before the assigned judge, except that, in a non-jury case, the written stipulation of counsel shall be necessary if the judge trying the case conducts the settlement conference. The judge conducting the settlement conference may require the parties or representatives of a party other than counsel who have authority to negotiate and enter into a binding settlement to be present at the settlement conference.

(b)(3),[6] arguing that they reasonably interpreted them only to apply to pro se parties. *Id*. at 13-18. They contend that, under these Rules, they were not required to appear in person, as long as counsel had authority to settle. *Id.* Plaintiffs, however, ignore the specific language of the July 15 Order, which required their in-person attendance at the settlement conference. Ultimately, Plaintiffs' argument that they did not violate a specific local *rule* is not relevant -- they violated a court *order*.[7]

### 4. *Plaintiffs Failed to Take Every Reasonable Step to Comply*

Plaintiffs contend that they took "all reasonable steps within their power to insure compliance with the Court's Orders." Doc. No. 251, Pls.' Opp'n at 5. But they have not demonstrated any effort to comply, other than the attendance of counsel with settlement authority and being personally available by

---

[6] Local Rule 16.5(b)(3) provides, in part:

> If any trial attorney, party, or person with authority fails to attend the [settlement] conference or to be available by telephone, sanctions, including the fees and costs expended by the other parties in preparing for and attending the conference, may be assessed by the court.

[7] And, as noted above, this violation of the court order to appear may justify sanctions under Rule 16. *See, e.g.*, *Lucas Auto. Eng'g, Inc.*, 275 F.3d at 769; *Official Airline Guides, Inc.*, 6 F.3d at 1396; *Ayers*, 895 F.2d at 1270; *Tahilan*, 2010 WL 3767155 at *1.

telephone.[8]  As the Amended F&R found, prior to the scheduled settlement conference, Plaintiffs did not seek relief from the personal appearance requirement, such as asking for a continuance to a date when at least one Plaintiff could attend in person, or seeking leave to appear via telephone.  Plaintiffs provided no declaration from Tanya explaining why she could not attend the settlement conference in person.  Nor did Plaintiffs notify the court or Defendants in advance that Plaintiffs would not attend the settlement conference.

In short, there is *no* evidence that Plaintiffs took any reasonable steps to obtain relief from the July 15 Order, much less to reschedule the settlement conference to a time when Plaintiffs could comply.  The record is clear and convincing -- the court adopts the Amended F&R's findings that Plaintiffs failed to show that they took *every* reasonable step to comply with the July 15 Order. *See Stone*, 968 F.2d at 856 n.9.

**5.      *An Award of Defendants' Reasonable Attorneys' Fees and Costs Is an Appropriate Compensatory Sanction***

Plaintiffs contend that Defendants did not suffer any losses as a result of Plaintiffs' personal absence from the settlement conference, and therefore the recommended sanctions of attorneys' fees and costs are punitive and contrary to

---

[8]  That Clark flew to Honolulu for a previous settlement conference is irrelevant to a determination of whether Plaintiffs took any reasonable steps to comply with the July 15 Order.

law.  Plaintiffs argue that because the settlement conference proceeded for three hours and the parties moved their positions during that conference, Defendants cannot establish that the attorneys' fees and costs in connection with the settlement conference and bringing the Joint Motion were incurred unnecessarily. *See* Doc. No. 251, Pls.' Opp'n at 7.  The court disagrees.

The court specifically required Plaintiffs to attend the settlement conference in person in order to maximize the potential for settlement.  There is no dispute that a representative from each Defendant, along with counsel, appeared in person at the settlement conference, that Defendants incurred attorneys' fees and costs for such appearance, that a settlement conference was held despite Plaintiffs' absence, and that the case did not settle.  "A settlement conference without all of the necessary parties present is not productive." *Painters Joint Comm. v. Wallco*, 2013 WL 3930485, at *3 (D. Nev. July 26, 2013) (citing *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 486 (D. Ariz. 2003)).  Thus, courts have awarded sanctions of attorneys' fees and costs incurred as a result of a party's failure to appear at a settlement conference in violation of a court order. *See, e.g.*, *CLM Partners LLC v. Fiesta Palms, LLC*, 2013 WL 6388760, at *2 (D. Nev. Dec. 5, 2013) (imposing sanctions of attorneys' fees and costs incurred because party failed to attend settlement conference in violation of court order); *Painters Joint Comm.*, 2013

17

WL 3930485, at *4 (imposing sanctions of attorneys' fees and costs incurred as a result of party's failure to attend settlement conference)**.**

As the Amended F&R found, Defendants incurred attorneys' fees and costs in connection with the unsuccessful settlement conference -- they suffered actual loss as a result of Plaintiffs' violation of the July 15 Order. Magistrate Judge Puglisi -- who conducted the settlement conference -- specifically described the conference as "fruitless," and did so "[a]s a result of Plaintiffs' failure to comply with the court's orders." Doc. No. 250, Amended F&R at 7. Accordingly, a compensatory award of attorneys' fees and costs is not punitive.

Nor were Plaintiffs deprived of their due process rights to notice and an opportunity to be heard.[9] The Joint Motion provided Plaintiffs with adequate notice that compensatory sanctions might be imposed and Plaintiffs were afforded an opportunity to present their position through these proceedings -- and their Opposition to the Joint Motion, Objections to the Amended F&R, as well as supplemental briefing.

///

///

---

[9] Absent specification from Plaintiffs, the court assumes that any possible Fifth Amendment violation is based on a claim that Plaintiffs were deprived of general due process rights to notice and an opportunity to be heard.

18

**6.** **_The Recommended Awards of Attorneys' Fees and Costs Are_**
**_Reasonable_**

The Amended F&R details the hours expended by Defense counsel in
attending the settlement conference. It applies a "lodestar" calculation with the
hours expended and appropriate hourly rates of counsel. Doc. No. 250, Amended
F&R at 7-8. These amounts are reasonable and appropriate. Plaintiffs, however,
argue that the requested hourly rate of $340 for BKC's counsel is excessive due to
BKC's failure to include specifics in counsel's alleged certifications, including a
list of the more than fifty cases counsel tried. Doc. No. 251, Pls.' Opp'n at 21.
The court disagrees.

In determining whether an hourly rate is reasonable, courts consider
the experience, skill, and reputation of the attorney requesting fees. *See Webb v.
Ada Cnty.*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate will
reflect the prevailing market rates in the community for attorneys "of reasonably
comparable skill, experience, and reputation" doing similar work. *Prison Legal
News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010).

Counsel declared that he is "the managing partner" of his law firm,
"licensed to practice law" in Hawaii "since 1978, specializing in civil trial and jury
practice." Doc. No. 247, Kidani Decl. ¶ 3. Counsel further states that he "has

tried over fifty cases to verdict or judgment . . . and [has] been certified by two

organizations approved by the American Bar Association for certification in civil

trial litigation, including the National Trial Board Association and the American

Board of Professional Trial Attorneys." *Id.* ¶ 4.

Such statements are sufficient to establish both the number of years

counsel has practiced in this district and his reputation and level of competence in

civil litigation. Furthermore, the court is familiar with the prevailing rates in the

community for federal litigation of a similarly complex nature. Based on the

court's knowledge of the rates and experience of local counsel and the declaration

of BKC's counsel, the court finds a reasonable hourly rate for BKC's counsel to be

$340.

## V. **CONCLUSION**

Based on the foregoing, the court ADOPTS the Amended Findings

and Recommendation to Grant Defendant Burger King Corporation and CTI

Foods Holding LLC's Joint Motion for Sanctions (joined by AAFES). Upon de

novo review, the court concludes (by clear and convincing evidence) that

Plaintiffs violated a July 15, 2014 court Order. Their violation was not based on a

good faith and reasonable interpretation of the Order, and they failed to take every

reasonable step to comply with that Order. The court also concludes that

Magistrate Judge Puglisi's recommended awards of Defendants' attorneys' fees and costs are reasonable and sufficiently-supported compensatory sanctions. Accordingly, the court OVERRULES Plaintiffs' Objections, ADOPTS the Amended F&R, and GRANTS Defendants' Joint Motion for Sanctions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 30, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bartholomew v. Burger King Corp.*, Civ. No. 11-00613 JMS/BMK, Order (1) Overruling Objections to Magistrate Judge's October 27, 2014 Amended Findings and Recommendation; and (2) Adopting October 27, 2014 Amended Findings and Recommendation to Grant Defendants' Joint Motion for Sanctions